UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM AL-JAML YOUNG,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>B. M. TRATE,<br><br>　　　　　Respondent. | Case No. 1:23-cv-00055-TLN-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>(Doc. 1)<br><br>**21-day Deadline** |

Petitioner Kareem Al-Jaml Young ("Petitioner") is a federal prisoner proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner seeks review of his custody and vacatur of the judgment and sentence imposed on him by the United States District Court for the Northern District of Alabama.

**Background**

On July 28, 2020, Petitioner was charged by superseding indictment with one count ("Count One") of violation of 18 U.S.C. § 922(g)(1) - Possession of a Firearm by a Prohibited Person. *See United States v. Young*, No. 7:17-cr-00522-AMM-HNJ (N.D. Ala.) [Doc. 76].[2] On April 15, 2021,

---

[1] At the time he commenced this action, Petitioner was housed at USP-Atwater, in the Eastern. District of California. *See* (Doc. 1 at 17).

[2] Petitioner was charged with the same offense in the original indictment, to which he pleaded guilty but subsequently was permitted to withdraw his plea. This and other aspects of the earlier

1

Petitioner entered a guilty plea to Count One. (Docket entry dtd. 4/15/2021). On May 25, 2021, Petitioner appeared for sentencing on Count One and was sentenced to 188 months to run concurrently with two state court-imposed judgments. (Docket entry dtd. 5/25/2021; Doc. 135). In connection with Petitioner's sentencing, the district court rejected Petitioner's argument that he did not have three prior convictions for crimes of violence or serious drug offenses for purposes of the Armed Career Criminal Act ("ACCA"). (Doc. 179-1 at 17). Specifically, the district court found that the ACCA sentencing enhancement applied because Petitioner's two Alabama robbery convictions and his conviction for unlawful distribution of a controlled substance qualified as predicate offenses under the ACCA. *Id.*

In his direct appeal, Petitioner did not challenge any aspect of his conviction or argue that he did not qualify for sentencing under the ACCA, as he had in the district court. Instead, he raised only the issue of whether the district court erred when it refused to let retained counsel withdraw prior to sentencing. *Id.* at 18. In an unpublished, per curiam opinion issued September 25, 2023, the Eleventh Circuit Court of Appeals rejected Petitioner's challenge and affirmed the district court's conviction and sentence. *See generally United States v. Young*, No. 21-11907, 2023 WL 6213488 (11th Cir. Sept. 25, 2023).

Before the Eleventh Circuit issued its order on Petitioner's direct appeal and before filing in the Northern District of Alabama any motion to vacate sentence pursuant to 28 U.S.C. § 2255, on January 12, 2023, Petitioner filed the instant § 2241 petition in this Court.

Petitioner initiated in the Northern District of Alabama his now-pending first, supplemental, and amended motions to vacate sentence pursuant to 28 U.S.C. § 2255, filed November 4 and November 18, 2024, and April 11, 2025, respectively. *See Young v. United States*, No. 7:24-cv-08024-AMM (N.D. Ala.) (the "§ 2255 Action") [Docs. 1, 4, 16]. In his original and supplemented § 2255 motions, Petitioner argues that he is "actually innocent" of the ACCA sentencing enhancement in that his prior state law conviction for robbery no longer qualifies as an ACCA-eligible predicate "violent felony." *See* the § 2255 Action [Docs. 1, 4]. In support of his argument, Petitioner relies on the U.S. Supreme Court's opinion in *Erlinger v. United States*, 602 U.S. 821 (2024), and a decision of

---

proceedings in Petitioner's underlying criminal case are not at issue in this habeas corpus proceeding and, thus, not recounted herein.

the Ninth Circuit Court of Appeals' issued prior to Petitioner's sentencing, *United States v. Walton* (881 F.3d 768, Feb. 1, 2018). In his more recent amended motion, Petitioner asserts additional claims in support of habeas relief, including that his sentence runs afoul of *New York State Rifle & Pistol Assoc. v. Bruen*, that his attorney during sentencing was ineffective, and that the sentencing judge was biased. *See* the § 2255 Action [Doc. 16].

Notably, Petitioner has not raised in any of his § 2255 motions any challenge that his conviction for unlawful distribution of a controlled substance qualified as a predicate offense under the ACCA.

**Petitioner's Claims**

In the instant petition, Petitioner argues that he is "actually innocent" of the ACCA sentencing enhancement in that his prior state law conviction for unlawful distribution of controlled substances (cocaine) did not qualify as an ACCA-eligible predicate "serious drug offense." (Doc. 1 at 2-3).[3] In a filing titled "Supplemental Information" dated March 25, 2024, Petitioner cites additional cases in support of his argument concerning his prior state law conviction for unlawful distribution of controlled substances, and purports to assert three additional "Grounds" for relief that he raises in the § 2255 Action, including the claim pursuant to the Supreme Court's *Erlinger* decision. (Doc. 15). In his most recent filing, dated September 14, 2024, and titled "2241 Supplemental Information" (Doc. 17), Petitioner again advances the *Erlinger* decision as a basis for habeas relief in this Court.

**Preliminary Screening Requirement**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.[4] Pro se habeas corpus petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Habeas Rule 2(c) requires that a

---

[3] References to Petitioner's petition and related filings cite the CM/ECF-assigned page number.

[4] The Rules Governing § 2254 cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding").  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  *Hendricks*, 908 F.2d at 491.  A petition for habeas corpus should not be dismissed without leave to amend "unless it appears that no tenable claim for relief can be pleaded were such leave to be granted."  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Jurisdiction**

In general, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  In such cases, only the sentencing court has jurisdiction.  *Tripati*, 843 F.2d at 1163; *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

At the time Petitioner filed his petition, courts recognized an exception to this general rule by which a federal prisoner could challenge the validity or constitutionality of his federal conviction or sentence under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255, with the filing of a § 2241 petition in the district of the petitioner's confinement.  *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008).  Under the § 2255 escape hatch, "a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting *Stephens*, 464 F.3d at 897).  In the Ninth Circuit, a remedy is not deemed "inadequate or ineffective" merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition.  *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *accord Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).  Instead, prior to 2023, § 2255 was deemed to provide an "inadequate and ineffective" remedy (and, thus,

permit a petitioner to proceed under Section 2241 in the district of confinement) when the petitioner: (1) makes a claim of actual innocence; and (2) has never had an "unobstructed procedural shot" at presenting the claim. *Harrison*, 519 F.3d at 959; *Stephens*, 464 F.3d at 898; *accord Marrero*, 682 F.3d at 1192. The petitioner bears the burden to show that a remedy under § 2255 is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. *Ivy*, 328 F.3d at 1060.

In June 2023, the Supreme Court held in *Jones v. Hendrix* that § 2255(e) only "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." 599 U.S. 465, 478 (2023). The court noted that § 2255(h) specifies the two limited circumstances permitting a federal prisoner to bring a second or successive collateral attack on his sentence: (1) where new evidence clearly and convincingly shows no reasonable factfinder could find the movant guilty; and (2) a new rule of constitutional law, previously unavailable, could apply retroactively to the movant's case. *See id.* at 480; 28 U.S.C. § 2255(h). In significantly narrowing the ambit of § 2241, the Court held that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Jones*, 599 U.S. at 480.

Relatedly, a court of confinement lacks jurisdiction over a § 2241 petition where the petitioner files it before he files a § 2255 motion raising the same claims in the district of conviction. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (noting that a contrary rule "would eviscerate our goal of judicial economy by engaging the attention of two courts on the same case at the same time").

**Discussion and Analysis**

Petitioner fails to provide an adequate petition for writ of habeas corpus and fails to establish this Court possesses jurisdiction over his "escape hatch" claim.

Specifically, Petitioner fails to demonstrate "unusual circumstances" that "make it impossible or impracticable to seek relief in the sentencing court." *Jones*, 599 U.S. at 478. The undersigned acknowledges that Petitioner's claim for relief advanced pursuant to the Supreme Court's 2024 decision in *Erlinger* was not available until after he was convicted and sentenced and after the Eleventh Circuit had rejected his direct appeal. However, as in *Jones*, Petitioner's inability previously

to raise his *Erlinger* claim to satisfy either of the § 2255(h) conditions does not mean that he can bring his claim in a habeas petition under the saving clause; instead, it means "that he cannot bring it at all." *Jones*, 599 U.S. at 480.

With respect to his other claims for relief asserted in his original petition and supplements (Docs. 1, 15, 17), Petitioner does not argue and cannot demonstrate unusual circumstances exist (such as, for instance, his inability to advance his claims in the Northern District of Alabama) such that this Court may consider his § 2241 petition. As to the single claim in his original petition that his prior state law conviction for unlawful distribution of controlled substances did not qualify as an ACCA-eligible predicate "serious drug offense," Petitioner did not seek relief on this ground in either his direct appeal or the still-pending § 2255 Action. *See Ivy*, 328 F.3d at 1060 (finding that failure to assert habeas claim either in the petitioner's direct appeal or initial § 2255 motion such that claim was procedurally barred "does not mean that § 2255's remedy was 'inadequate or ineffective.'"). The other claims set forth in his supplements to the original petition in this Court all are claims before the district court in the Northern District of Alabama in the pending § 2255 Action.

Therefore, Petitioner's § 2241 petition does not fit within the exception to the general bar against using § 2241 to collaterally attack a conviction or sentence imposed by a federal court and must be dismissed for lack of jurisdiction.

\*      \*      \*      \*      \*

Had Petitioner not previously filed § 2255 motions in the Northern District of Alabama that are still pending, the undersigned could construe the petition here as a § 2255 motion and transfer it to that district (the only court to possibly have jurisdiction over Petitioner's habeas claims). But since Petitioner still is litigating his pending claims in the § 2255 Action that are mostly identical to those asserted here, transfer would not be in the interests of justice because it would be futile. Accordingly, the undersigned will recommend that the petition be dismissed for lack of jurisdiction. *Cf. Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990) (under 28 U.S.C. § 1631, if a district court finds it lacks jurisdiction, it must transfer habeas corpus proceeding to the appropriate court when such transfer is in the interests of justice).

///

**Conclusion and Recommendations**

Based on the foregoing, the undersigned RECOMMENDS that Petitioner's petition for writ of habeas corpus be dismissed for lack of jurisdiction.

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 21 days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court. Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections.  To the extent any party wishes to refer to any exhibit(s), that party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 16, 2025**                                    _____
                                                                                     UNITED STATES MAGISTRATE JUDGE